(8 App. Div. 299)

TOCH v. TOCH et al.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

MOTION—FOR DISTRIBUTION OF MONEY IN COURT.

Where real estate has been sold under a judgment, and the surplus, after satisfying plaintiff's claim, has been paid into court, a person who claims to be entitled to a portion of the surplus may move, at the foot of the judgment, for the appointment of a referee to determine his interest.

. Appeal from special term, New York county.

Action by Maximilian Toch, as administrator, against Henry M. Toch, as executor, and Bella B. Mayer, to recover certain legacies directed to be paid under the wills of Moses Toch and Bernard Toch, respectively, and to have said legacies declared liens on certain real estate, and to have said real estate sold, and out of the proceeds to have said legacies paid. From so much of the order as appoints a referee to ascertain and report the amount due to Bella B. Mayer, or to any other person, which is a lien upon certain surplus moneys deposited with the chamberlain under the provisions of a judgment directing the sale of the real estate, and to report the priorities of the several liens, defendant Henry M. Toch, as executor of Bernard Toch, appeals. Affirmed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Louis Wertheimer, for appellant.
Charles G. F. Wahle, for respondent.

PER CURIAM. It appears on this motion that, in pursuance of the judgment entered in this action, certain real estate was sold, and that from the proceeds of such sale the sum of $8,000 and interest was paid to the plaintiff, and the surplus was deposited with the chamberlain of the city of New York, to the credit of this action, to abide the further order of the court in the premises. In pursuance of such judgment, the sum of $33,206.07, the surplus of such sale, was paid to the chamberlain of the city of New York, and is now in his possession under such judgment. The moving party, the respondent here, claims to have been one of the owners of the fee of the premises sold, and claims to be entitled to a portion of such surplus money. The court below ordered a reference to ascertain and report the amount due to the said Bella B. Mayer, or to any other person, which is a lien upon such surplus money, and to ascertain the priorities of the several liens thereon. We think this order should be affirmed. The money was in court, being the proceeds of certain real estate which had been sold, under a judgment of the court, to satisfy certain liens thereon. The court having thus the possession and control of the money, which stood in place of the property sold, any one having a lien upon or being entitled to a portion of such moneys was entitled to apply to the court to have the amount of the respective interests of the parties ascertained, and the money paid to those entitled to it. No reason appears why the court could not exercise such jurisdiction at the foot of the judgment, and it is quite apparent that such a method would be much more economical and expeditious than by the more cumbersome method of an action. The appellant's rights can be as effectually secured before the referee as by the action that he has commenced for the distribution of this fund.

It is not necessary to determine whether rule 64 of the general rules of practice applies to such a proceeding. Assuming that it does, it is not claimed but that the provisions of that rule have been

observed in this proceeding. The fact that a motion made by one of the other parties to the action, who claimed an interest in the fund, was denied, is not controlling upon the respondent. That application seems to have been denied because the moving party had been served with a summons in an action brought to determine the interests of the respective parties in this fund; but as the summons in that action had not been served upon the respondent here, and there was no way by which this respondent could get into that action, she certainly was not bound to wait until the plaintiff there should see fit to serve her, and so give her an opportunity to assert her rights.

The order appealed from is therefore affirmed, with $10 costs and disbursements to be paid by the appellant to the respondent.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.